

**ER**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **WYKEYA WILLIAMS** and **LAMONT WILBERT HANNAH**, individually and in their own right, and as Parents and Natural Guardians on behalf of **L.H.** (a Minor Son) and **L.H.** (a Minor Daughter) 1016 Cantrell Street Philadelphia, PA 19148, | : : : : : : : : : | **Civil Action No.:** |
| Plaintiffs | : | **19    5401** |
| v. | : | |
| **FIRST STUDENT, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : : | **FILED** NOV 15 2019 KATE BARKMAN, Clerk By_____Dep. Clerk |
| and | : | |
| **FIRSTGROUP AMERICA, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : : | |
| and | : | |
| **FIRST TRANSIT, INC.** 8220 Bartram Avenue Philadelphia, PA 19153, | : : : : : | |
| Defendants | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1332, defendants First Student, Inc., FirstGroup

America, Inc., and First Transit, Inc. (collectively referred to as the "First Student defendants"),

by and through their counsel, hereby remove to the United States District Court for the Eastern

District of Pennsylvania the case captioned <u>Wykeya Williams and Lamont Wilbert Hannah,</u>

<u>individually and in their own right, and as Parents and Natural Guardians on behalf of L.H. (a</u>

<u>Minor Son) and L.H. (a Minor Daughter) v. First Student, Inc., FirstGroup America, Inc., and First</u>

Transit, Inc., now pending in the Court of Common Pleas of Philadelphia County, October 2019 Term, No. 03010, and as grounds for removal state as follows:

1.      The First Student defendants have been named as defendants in the above-referenced action now pending in the Court of Common Pleas of Philadelphia County, October 2019 Term, No. 03010.

2.      The above-referenced action was commenced by the filing of a Complaint on October 25, 2019.  See Complaint attached hereto as Exhibit A.

3.      The First Student defendants first received a copy of the Complaint when it was delivered to the First Student, Inc. Philadelphia location Safety Manager on October 29, 2019.  See Court House Legal Services, Inc. Acknowledgement attached hereto as Exhibit B.

4.      This Notice of Removal is being filed within thirty (30) days of receipt of the Complaint by the First Student defendants, pursuant to 28 U.S.C. § 1446(b)(1).

5.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action based on diversity of citizenship.  Pursuant to 28 U.S.C. § 1332(a), the United States District Courts have original jurisdiction over all civil actions when the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

6.      Plaintiff Wykeya Williams is a resident of Philadelphia, Pennsylvania and a citizen of the Commonwealth of Pennsylvania.  See Complaint at Exhibit A, ¶ 1.

7.      Plaintiff Lamont Wilbert Hannah is a resident of Philadelphia, Pennsylvania and a citizen of the Commonwealth of Pennsylvania.  Id. at ¶ 2.

8.      Plaintiffs Wykeya Williams and Lamont Wilbert Hannah are the parents and natural guardians of L.H. (minor son) and L.H. (minor daughter), residing in Philadelphia, Pennsylvania and citizens of the Commonwealth of Pennsylvania.  Id. at ¶¶ 1-3.

2

9.    First Student, Inc. is a Delaware corporation with its principal place of business located in Ohio.

10.    FirstGroup America, Inc. is a Delaware corporation with its principal place of business located in Ohio.

11.    First Transit, Inc. is a Delaware corporation with its principal place of business located in Ohio.

12.    Thus, none of the First Student defendants are citizens of Pennsylvania.  See 28 U.S.C. § 1332(c)(1).

13.    The amount in controversy is in excess of $75,000.

14.    In the Complaint, plaintiffs demand damages in excess of $50,000 in each of the five (5) counts, totaling a demand for damages in excess of $250,000.  See Complaint at Exhibit A.

15.    Per the Complaint, plaintiffs Wykeya Williams and Lamont Wilbert Hannah's minor son, L.H., sustained "severe and substantial injuries to his body and limbs, including, but not limited to, traumatic amputation of his right leg, scarring, and other injuries to his body, arms, legs, bones, discs, muscles, tendons, tissues and ligaments, and to his nerves and nervous system, resulting in serious orthopedic and neurologic injuries and/or acute anxiety reaction, and depression, some or all of which may be permanent in nature."  Id. at ¶ 25.

16.    Also per the Complaint, plaintiffs Wykeya Williams and Lamont Wilbert Hannah's minor daughter, L.H., "suffered pain and emotional distress caused by witnessing the school bus's impact and the traumatic amputation of her younger brother's right leg."  Id. at ¶ 34.

17.    Additionally, plaintiffs assert claims for medical expenses, loss of earnings, impairment of earning capacity, loss of services and affection, and punitive damages.  Id. at ¶¶ 27, 28, 51, and 58.

3

18. Accordingly, the United States District Court for the Eastern District of Pennsylvania has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000, exclusive of costs and interest, and the action is between citizens of different states.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the First Student defendants are attached at Exhibits A and B.

20. Written notice of the filing of this Notice of Removal will be provided to plaintiffs, and a copy of this Notice of Removal and supporting papers will be filed with the clerk of the state court, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE,** defendants First Student, Inc., FirstGroup America, Inc., and First Transit, Inc. respectfully request that the action described herein now pending in the Court of Common Pleas of Philadelphia County be removed to this Court.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
First Student, Inc., FirstGroup America, Inc., and
First Transit, Inc.

BY:  _____
Diane J. Ruccia, Esq.

Dated: November 15, 2019

4

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2019**

**003010**

E-Filing Number: 1910062030

PLAINTIFF'S NAME
WYKEYA WILLIAMS

DEFENDANT'S NAME
FIRST STUDENT, INC.

PLAINTIFF'S ADDRESS
1016 CANTRELL STREET
PHILADELPHIA PA 19148

DEFENDANT'S ADDRESS
2201 EAST ALLEGHENY AVENUE
PHILADELPHIA  PA 19134

PLAINTIFF'S NAME
LAMONT WILBERT. HANNAH

DEFENDANT'S NAME
FIRSTGROUP AMERICA, INC.

PLAINTIFF'S ADDRESS
1016 CANTRELL STREET
PHILADELPHIA PA 19148

DEFENDANT'S ADDRESS
2201 EAST ALLEGHENY AVENUE
PHILADELPHIA PA 19134

PLAINTIFF'S NAME
L.H. MINOR SON

DEFENDANT'S NAME
FIRST TRANSIT, INC.

PLAINTIFF'S ADDRESS
1016 CANTRELL STREET
PHILADELPHIA PA 19148

DEFENDANT'S ADDRESS
8220 BARTRAM AVENUE
PHILADELPHIA PA 19153

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 3 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal |
| | | ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY | COURT PROGRAMS

☐ $50,000.00 or less
☒ More than $50,000.00

☐ Arbitration          ☐ Mass Tort           ☐ Commerce            ☐ Settlement
☒ Jury                 ☐ Savings Action      ☐ Minor Court Appeal  ☐ Minors
☐ Non-Jury             ☐ Petition            ☐ Statutory Appeals   ☐ W/D/Survival
☐ Other:

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

OCT 25 2019

**A. SILIGRINI**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WYKEYA WILLIAMS , LAMONT WILBERT
HANNAH , L.H. MINOR SON , L.H. MINO

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
JOSEPH J. URBAN

ADDRESS
5709 WESTFIELD AVENUE
P.O. BOX #560
PENNSAUKEN  NJ 08110

PHONE NUMBER                    FAX NUMBER
(856) 665-5709                 (856) 665-4107

SUPREME COURT IDENTIFICATION NO
57369

E-MAIL ADDRESS
jurban@clecka.com

SIGNATURE OF FILING ATTORNEY OR PARTY
JOSEPH URBAN

DATE SUBMITTED
Friday, October 25, 2019, 11:59 am

FINAL COPY (Approved by the Prothonotary Clerk)

<u>COMPLETE LIST OF PLAINTIFFS:</u>

1. WYKEYA WILLIAMS
    1016 CANTRELL STREET
    PHILADELPHIA PA 19148
2. LAMONT WILBERT. HANNAH
    1016 CANTRELL STREET
    PHILADELPHIA PA 19148
3. L.H. MINOR SON
    1016 CANTRELL STREET
    PHILADELPHIA PA 19148
4. L.H. MINOR, DAUGHTER
    1016 CANTRELL STREET
    PHILADELPHIA PA 19148

LAW OFFICES OF VINCENT J. CIECKA, P.C.
By: Joseph J. Urban, Esquire
Attorney I.D. No. 57369
100 S. Broad Street.
Suite 1218
Philadelphia, PA 19110
(215) 271-5709
(856) 665-4107 – fax
email: jurban@ciecka.com

Filed and Attested by the
Office of Judicial Records
25 OCT 2019 11:11 am
ATTORNEY FOR PLAINTIFFS
SELLGRINI

THIS IS A MAJOR JURY MATTER.
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

| | |
|---|---|
| **WYKEYA WILLIAMS** and **LAMONT WILBERT HANNAH**, individually and in their own right, and as Parents and Natural Guardians on behalf of L.H. (a Minor Son) and L.H. (a Minor Daughter)<br>1016 Cantrell Street<br>Philadelphia, PA 19148,<br>　　　　　　　　　Plaintiffs<br>　　　v.<br><br>**FIRST STUDENT, INC.**<br>2201 East Allegheny Avenue,<br>Philadelphia, PA 19134<br><br>　　　and<br><br>**FIRSTGROUP AMERICA, INC.**<br>2201 East Allegheny Avenue,<br>Philadelphia, PA 19134<br><br>　　　and<br><br>**FIRST TRANSIT, INC.**<br>8220 Bartram Avenue<br>Philadelphia. PA 19153.<br><br>　　　　　　Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>COMMONWEALTH OF PENNSYLVANIA<br><br><br>OCTOBER TERM, 2019<br><br>No.<br><br><br>**CIVIL ACTION COMPLAINT** |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association

Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas a sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados

De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## COMPLAINT

### 2V-Motor Vehicle Accident

Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, both individually and in their own right, and as Parents and Natural Guardians on behalf of L.H. (a Minor Son) and L.H. (a Minor Daughter), bring the following civil causes of action for their personal injuries incurred as a proximate result of the conduct of the following Defendants which are jointly and severally liable: First Student Inc., FirstGroup America, Inc., and First Transit, Inc. (hereinafter collectively referred to as the "First Defendants").

### I.      THE PARTIES

1.      Plaintiff, Wykeya Williams, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1016 Cantrell Street, in the City and County of Philadelphia and Commonwealth of Pennsylvania at zip code 19148.

2.      Plaintiff, Lamont Wilbert Hannah, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1016 Cantrell Street, in the City and County of Philadelphia and Commonwealth of Pennsylvania at zip code 19148.

3.      Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, are the parents and natural guardians of L.H., Son, a minor child and the parents and natural guardians of L.H., Daughter, a minor child.

4.      The First Defendants are business entities that are registered to conduct business in the Commonwealth of Pennsylvania and regularly conduct business in the Commonwealth of Pennsylvania and the City and County of Philadelphia. The First Defendants are in the business of providing transportation and busing services to schools, school districts and students.

5.      The First Defendants submitted themselves to the jurisdiction and venue of this Court by doing, personally or through their agents, at all times material to this cause of action the

following acts:

(a) Conducting and engaging in substantial business and other activities in the Commonwealth of Pennsylvania and the City and County of Philadelphia by marketing, selling and/or delivering student and school bus service to schools, school districts, persons, firms or corporations in this Commonwealth and County via its agents, employees, drivers, representatives, salespeople and/or brokers. Their services were used by schools, school districts, persons, firms or corporations in the Commonwealth of Pennsylvania and the City and County of Philadelphia;

(b) Engaging in acts and/or omissions as described in this Complaint, which caused an automotive accident which resulted in the serious and permanent injuries to L.H., minor son, and L.H., minor daughter. At about the time of said injuries to Plaintiffs, the First Defendants engaged in solicitation activities in the Commonwealth of Pennsylvania and the City and County of Philadelphia to promote the sale, retention, use and delivery of their services;

(c) In transporting persons, students, school employees or other passengers in vehicles which would travel the highways of the Commonwealth of Pennsylvania and the City and County of Philadelphia, the First Defendants had reason to foresee that the use of said vehicles could subject them to liability for negligent or careless operation of said vehicles wherever said vehicles were operated;

(d) First Defendants conduct regular business in the City and County of Philadelphia; and

(e) Voluntary qualifying to conduct business in this Commonwealth by registering with the Pennsylvania Division of Corporations Bureau.

6.       Defendant, First Student, Inc. is a Delaware corporation and Defendant, FirstGroup America, Inc. is a Florida corporation which are registered to conduct business in Pennsylvania and both corporations maintain an address in the City of Philadelphia at 2201 East Allegheny Avenue, Philadelphia, PA 19134.

7.       Defendant, First Transit, Inc. is a Delaware corporation which is registered to conduct business in Pennsylvania and maintains an address at 8220 Bartram Avenue, Philadelphia, PA 19153.

8.    Upon information and belief, the First Defendants regularly conduct business in the City and County of Philadelphia from which they derive significant revenue.

9.    At all times relevant hereto, First Defendants acted or failed to act by and through their agents, including but not limited to ostensible agents, drivers, servants, workers and/or employees acting in the course and scope of their employment.

## II.    FACTUAL BACKGROUND

10.    On or about October 26, 2017, Plaintiffs, minor son, L.H. and minor daughter, L.H. were passengers in a school bus owned and operated by the First Defendants.

11.    The First Defendants' bus stopped approximately twenty (20) feet prior to another bus, owned and/or operated by McGough Bus Company, which was headed in the opposite direction.  Both buses stopped so that children on each bus could unload.

12.    After minor plaintiffs unloaded from the First Defendants' bus, they walked, as they customarily did for the entire school year to that date, toward the rear of the First Defendants' bus so that they could cross the street and walk to their home.

13.    Instead of waiting until the minor plaintiffs had safely crossed the street, the First Defendants' bus driver, as soon as the children exited the bus, turned off the red flashers and stop sign on the bus and proceeded.

14.    In justified reliance on the actions of the First Student driver, the McGough bus proceeded forward under the belief that all First Student passengers were clear of danger. Contemporaneously, the First Student bus too began moving forward, yet another action upon which the McGough driver relied in belief all previously unloaded students were free from danger.

15.    By this time, and within full sight of the First Student driver, both minor plaintiffs walked to the rear of the First Student bus so as to cross the street, again, as they had done for the entire school year to date.  In contrast, the McGough bus driver was wholly unaware the First Student bus driver was knowingly permitting the minor plaintiffs to cross the street at the rear end of the First Student bus.

16.    As such, these circumstances combined to create a situation wherein the McGough bus driver was unable to observe and stop before striking minor plaintiff L.H (son). The injuries caused thereafter to minor plaintiff L.H. (son) were catastrophic.  The right leg of minor plaintiff L.H. (son) was caught beneath the tires of the McGough bus causing immediate severe injuries, which later required the amputation of his right leg.

17.    As a result of the severe injuries and subsequent amputation of minor plaintiff L.H (son) has been treated and continues to be treated by the following medical providers:

   a.  Shriners Hospital for Children
       3551 N. Broad Street
       Philadelphia, PA 19140

   b.  Moss Rehab
       60 Township Line Road
       Elkins Park, PA 19047

   c.  Equilibria Psychological & Consultation Services
       525 S. 4th Street, #471
       Philadelphia, PA 19147

18.    Plaintiff, L.H., minor daughter, was in the zone of danger and witnessed the violent striking of her younger brother as well as his horrific injuries.

19.    As a result of the severe nature of minor plaintiff L.H.'s (son) injuries and the violent nature in which they were caused all of which minor Plaintiff L.H. (daughter) was a witness to both during the accident sequence, directly after the accident sequence and as minor

Plaintiff L.H. (son) has undergone various treatment. Minor Plaintiff L.H. (daughter) is currently being treated at the following medical provider as result of the subject accident:

a. Equilibria Psychological & Consultation Services
   525 S. 4th Street, #471
   Philadelphia, PA 19147

## COUNT I

## NEGLIGENCE AGAINST THE FIRST DEFENDANTS

20.     Plaintiffs incorporates by reference all above paragraphs as though the same were set forth herein at length.

21.     At all times relevant hereto, the First Defendants acted by and through their agents, workmen, servants and/or employees, acting in the course and scope of their employment, including but not limited to, the driver of the subject bus.

22.     The First Defendants breached numerous duties, and were negligent and/or careless in the manner in which they maintained, inspected, operated and/or repaired the subject school bus, and were negligent and/or careless in other respects, including but not limited to, the following:

a) Failing to properly inspect the steering, brakes, tires and other mechanical equipment on the subject school bus, both prior to starting the day and the bus route and also by failing to monitor the mechanical equipment during the course of the trip(s) that day;

b) Failing to operate the school bus according to proper procedures and with due and proper care;

c) Failing to properly engage flashers, warning lights, stop sign and other safety equipment while students were disembarking from the subject bus;

d) Failing to properly allow all students who departed from the school buses to safely clear the area before disengaging flashers, warning lights, stop sign and other safety equipment before proceeding on the bus route;

e) Failing to operate the vehicle at a safe and appropriate speed and/or at an excessive rate of speed under the circumstances and failing to take proper concern for passengers and students in the area, including the plaintiffs herein;

f) Failing to make proper and careful observations, be alert and consider with due care the place and position of pedestrians and students, including the plaintiffs herein;

g) Failing to adequately or properly hire, train or supervise their drivers, employees, agents, ostensible agents, and staff personnel, which resulted in a negligent operation, inspection and/or repair of the subject school bus, which resulted in the tragedy herein described;

h) Failing to have the school bus under proper and adequate control at all times;

i) Failing to engage and/or to keep the red warning lights, flashers, stop sign and other safety equipment activated until such time as the students or persons who disembarked from the school bus had ample time to get a clear and safe distance from the school bus;

j) Failing to follow established guidelines, rules and procedures when students or persons are disembarking from a bus;

k) Operating the said vehicle without due regard for the rights, safety and position of minor plaintiffs herein;

l) Failing to maintain a proper lookout;

m) Failing to exercise due care and caution under the circumstances;

n) Being inattentive;

o) Disregarding traffic controls and/or conditions;

p) Disregarding warning lights, flashers or safety equipment on another school bus; and

q) Violating the various ordinance and laws pertaining to the operation of motor vehicles and/or school buses.

23.    At all times, the First Defendants, their agents, servants, workers and employees were aware there was a potential danger every time children and/or students disembark from a school bus.

24.    The negligence and/or carelessness of the First Defendants, as described above, directly and proximately caused the catastrophic injuries suffered by Plaintiffs, Wykeya Williams, Lamont Wilbert Hannah, their minor son, L.H., and their minor daughter, L.H., in that

it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Plaintiffs' injuries.

25.    As a direct result of the negligence and carelessness of the First Defendants, Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah's minor child, L.H.(son) was violently struck by the McGough school bus and thrown about with great force resulting in severe and substantial injuries to his body and limbs, including, but not limited to, traumatic amputation of his right leg, scarring, and other injuries to his body, arms, legs, bones, discs, muscles, tendons, tissues and ligaments, and to his nerves and nervous system, resulting in serious orthopedic and neurologic injuries and/or acute anxiety reaction, and depression, some or all of which may be permanent in nature.

26.    As a direct result of the negligence and carelessness of the First Defendants, the minor Plaintiffs have undergone in the past and will undergo in the future extreme pain, aches, anguish, suffering, mental anxiety, disability, impairment, humiliation, embarrassment, disfigurement and loss of life's pleasure, along with a severe shock to their nerves and nervous systems, together with internal injures of an unknown nature and other injuries the full extent of which is not yet known.

27.    As a direct result of the negligence and carelessness of the First Defendants, the Plaintiffs have incurred necessary medical bills, hospital bills and other treatment expenses, the reasonable value of which is in excess of the minimum set forth in the applicable motor vehicle statutes, some or all of which may be recoverable in the instant action.

28.    As a direct result of the negligence and carelessness of the First Defendants, the Plaintiffs have suffered severe pain and suffering, which has prevented them in past and will prevent them in the future from attending to and performing all or substantially all of their

normal and usual duties, activities, and occupations, and have suffered and will in the future continue to suffer severe loss of earnings and/or impairment of earning capacity, all to their great detriment and loss, which losses are recoverable in this action.

29.     As a direct result of the negligence and carelessness of the First Defendants, the Plaintiffs have in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages and non-economic damages to which they are entitled.

30.     At all times relevant hereto, Plaintiffs were bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

31.     As a result of the First Defendants' negligence and carelessness, Plaintiffs have sustained serious impairment to a body function or functions and are entitled to be compensated for both economic and non-economic losses suffered in this matter.

32.     The actions of the First Defendants, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, Wykeya Williams, Lamont Wilbert Hannah, their minor son, plaintiff, L.H. and their minor daughter, L.H. and warrant the imposition of punitive damages against the First Defendants.  Specifically, Defendants and their employees were aware that there was a danger to children who are passengers on school buses when disembarking from a school bus. Despite this knowledge, the defendants and their employees willfully and wantonly, and in extreme and reckless disregard for the safety of those lawfully on public roadways, such as plaintiffs herein, the defendants absconded from their special duties to school children in causing the injuries to minor Plaintiffs as herein described.

WHEREFORE, Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right and as Parents and Natural Guardians of their minor son, L.H., and their minor daughter, L.H., demand judgment against the First Defendants, jointly and severally, in their favor for compensatory damages, for a sum greatly in excess of Fifty Thousand Dollars ($50,000.00), along with costs and damages for delay in accordance with Pa.R.C.P. 238, punitive damages, attorney's fees, interest, and other relief the Court may deem appropriate and for trial by jury on all issues so triable as a matter of right.

## COUNT II
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST FIRST DEFENDANTS

33.   Plaintiffs incorporates by reference all above paragraphs as though the same were set forth herein at length.

34.   First Defendants were negligent in that through their actions, minor Plaintiff, L.H. (daughter) suffered pain and emotional distress caused by witnessing the school bus's impact and the traumatic amputation of her younger brother's right leg.

35.   Her younger brother, minor Plaintiff, L.H. (son), injury was immediately and unmistakably recognized as severe.

36.   The First Defendants were negligent in that, through their actions, minor Plaintiffs, L.H. (son) and minor L.H. (daughter), suffered pain and emotional distress as minor son's leg was amputated in the incident.

37.   The actions of First Defendants, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah and their minor son, plaintiff, L.H. and warrant the imposition of punitive damages against the First Defendants. Specifically, defendants and their employees were aware

that there was a danger to children who are passengers on school buses when disembarking from a school bus. Despite this knowledge, the defendants and their employees willfully and wantonly, and in extreme and reckless disregard for the safety of those lawfully on public roadways, such as plaintiffs herein, the defendants absconded from their special duties to school children in causing the injuries to minor plaintiff as herein described.

WHEREFORE, Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right and as Parents and Natural Guardians of their minor son, L.H., and their minor daughter, L.H., demand judgment against the First Defendants, jointly and severally, in their favor for compensatory damages, for a sum greatly in excess of Fifty Thousand Dollars ($50,000.00), along with costs and damages for delay in accordance with Pa.R.C.P. 238, punitive damages, attorney's fees, interest, and other relief the Court may deem appropriate and for trial by jury on all issues so triable as a matter of right.

## COUNT III

### NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST THE FIRST DEFENDANTS

38.    Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs as though the same were set forth at length herein.

39.    In addition to the previous allegations of negligence and carelessness against First Defendants, said Defendants acted negligently, carelessly, and recklessly by acting or failing to act in the following respects:

a)  Failing to properly train its employees;

b)  Permitting incompetent and inexperienced drivers to operate their school buses;

c)  Negligent entrustment of a motor vehicle or school bus;

d)  The First Defendants are vicariously liable, and/or liable under the theories of respondeat superior or agency, for the acts of its agents servants, workmen and employees and is responsible for all acts and/or omissions of its agents, workmen, servants and employees;

e)  Failure to conduct appropriate background checks and failure to review drivers' abstracts and records of their employees, including, but not limited to the records and abstracts of the drivers of the subject school buses;

f)  Failure to properly and adequately train employees, including but not limited to, the school bus driver in the subject incident, of student passenger disembarking safety protocols and procedures;

g)  Failure to train employees, including but not limited to, the subject school bus driver, of appropriate school bus operation and safety procedures when student passengers are disembarking a bus;

h)  Hiring, retaining and permitting bus drivers to operate buses despite possessing poor prior driving history records;

i)  Failure to properly and adequately train its employees on proper pre-trip and post-trip inspections of their school buses;

j)  Failure to properly and adequately advise, train and supply its employees on the use of safety and warning equipment on the school bus;

k)  Failure to train its employees and staff on inspection of school buses; and

l)  Failure to properly and adequately train its employees on protocol when allowing student passengers to disembark.

40.    At all times, First Defendants, their agents, servants, workers and employees were aware there was a potential danger every time children and/or students disembark from a school bus.

41.    The negligence and/or carelessness of the defendants, as described above, directly and proximately caused the catastrophic injuries suffered by Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, their minor son, L.H., and their minor daughter, L.H., in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Plaintiffs' injuries.

42.     As a direct result of the negligence and carelessness of defendants, Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah's minor child, L.H.(son) was violently struck by the McGough school bus and thrown about with great force resulting in severe and substantial injuries to his body and limbs, including, but not limited to, traumatic amputation of his right leg, scarring, and other injuries to his body, arms, legs, bones, discs, muscles, tendons, tissues and ligaments, and to his nerves and nervous system, resulting in serious orthopedic and neurologic injuries and/or acute anxiety reaction, and depression, some or all of which may be permanent in nature.

43.     As a direct result of the negligence and carelessness of defendants, the minor Plaintiffs have undergone in the past and will undergo in the future extreme pain, aches, anguish, suffering, mental anxiety, disability, impairment, humiliation, embarrassment, disfigurement and loss of life's pleasure, along with a severe shock to their nerves and nervous systems, together with internal injures of an unknown nature and other injuries the full extent of which is not yet known.

44.     As a direct result of the negligence and carelessness of defendants, the Plaintiffs have incurred necessary medical bills, hospital bills and other treatment expenses, the reasonable value of which is in excess of the minimum set forth in the applicable motor vehicle statutes, some or all of which may be recoverable in the instant action.

45.     As a direct result of the negligence and carelessness of defendants, the Plaintiffs have suffered severe pain and suffering, which has prevented them in the past and will prevent them in the future from attending to and performing all or substantially all of their normal and usual duties, activities, and occupations, and have suffered and will in the future continue to

suffer severe loss of earnings and/or impairment of earning capacity, all to their great detriment and loss, which losses are recoverable in this action.

46.     As a direct result of the negligence and carelessness of defendants, the Plaintiffs have in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages to which they are entitled.

47.     At all times relevant hereto, Plaintiffs were bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

48.     As a result of defendants' negligence and carelessness, Plaintiffs have sustained serious impairment to a body function or functions and are entitled to be compensated for both economic and non-economic losses suffered in this matter.

49.     The actions of defendants, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, their minor son, plaintiff, L.H. and their minor daughter, plaintiff L.H., and warrant the imposition of punitive damages against defendants.  Specifically, defendants and their employees were aware that there was a danger to children who are passengers on school buses when disembarking from a school bus. Despite this knowledge, the defendants and their employees willfully and wantonly, and in extreme and reckless disregard for the safety of those lawfully on public roadways, such as plaintiffs herein, the defendants absconded from their special duties to school children in causing the injuries to minor plaintiff as herein described.

WHEREFORE, Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right and as Parents and Natural Guardians of their minor son, L.H., and their

minor daughter, L.H., demand judgment against the First Defendants, jointly and severally, in their favor for compensatory damages, for a sum greatly in excess of Fifty Thousand Dollars ($50,000.00), along with costs and damages for delay in accordance with Pa.R.C.P. 238, punitive damages, attorney's fees, interest, and other relief the Court may deem appropriate and for trial by jury on all issues so triable as a matter of right.

## COUNT IV
## PUNITIVE DAMAGES

50.     Plaintiffs incorporate all of their previous allegations against the defendants as if the same were set forth herein in their entirety.

51.     Plaintiffs also seek punitive and/or exemplary damages against the First Defendants because said defendants had actual awareness of the risks involved with school children embarking and disembarking from their buses and acted in conscious indifference to the rights, safety, or welfare of others, including the plaintiffs herein. A jury could reasonably interpret First Defendants' actions as reckless, wanton or outrageous conduct. First Defendants had a subjective appreciation of the risk of harm to which Plaintiffs were exposed, and they acted, or failed to act, as the case may be, in conscious disregard of those risks.

52.     First Defendants acted recklessly, wantonly, and outrageously by ignoring long-standing well-documented knowledge of the risks entailed in the loading and unloading of school children from buses. In fact, on the First Defendants' own website, they provide and publish specific information regarding "Danger Zone Safety", which is described as the area around a school bus when children are embarking or disembarking from a school bus. See "Danger Zone Safety" referenced on the First Defendants' own website, attached hereto as Exhibit A. Despite knowledge of the dangers to school children in the area surrounding school buses, First Defendants acted in such an egregious manner in either not engaging at all or disengaging their

safety systems and proceeding on their routes even though school children, specifically the plaintiffs herein, were still well within the Danger Zone.

53.     The outrageous and reckless conduct of First Defendants, in proceeding in blatant disregard on their primary commandment led to the amputation of Plaintiff, minor son, L.H.'s leg. Minor Plaintiff son, L.H. was only six (6) years old at the time of this tragic event. See photograph of Minor Plaintiff son's injuries, attached hereto as Exhibit B. (In order to safeguard privacy of the minor Plaintiff, a photograph of him laying on his stomach has been attached.)

54.     Minor Plaintiff daughter, L.H. watched in horror as her younger brother was crushed by the bus and suffered his traumatic injuries and suffered significant emotional distress as a result. She was only eleven (11) years old at the time.

55.     All Plaintiffs seek punitive and/or exemplary damages as the result of the Defendants knowledge of the special danger to children in the area near school buses when embarking and disembarking from a school bus and their blatant disregard of their mandate to act with the safety of school children passengers in mind.  First Defendants' actions in disregard of this mandate constitutes reckless, outrageous conduct, in wanton disregard for the rights, safety and welfare of others, particularly the Plaintiffs herein.

**WHEREFORE,** Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right and as Parents and Natural Guardians of their minor son, L.H., and their minor daughter, L.H., demand judgment against the First Defendants, jointly and severally, in their favor for compensatory damages, for a sum greatly in excess of Fifty Thousand Dollars ($50,000.00), along with costs and damages for delay in accordance with Pa.R.C.P. 238, punitive damages, attorney's fees, interest, and other relief the Court may deem appropriate and for trial

by jury on all issues so triable as a matter of right.

COUNT V
LOSS OF AFFECTION AND SERVICES OF MINOR CHILDREN
Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah v. First Defendants

56.    Plaintiffs incorporate by reference all of the allegations set forth in the proceeding paragraphs as though the same were set forth at length herein.

57.    The Plaintiff, Wykeya Williams and Lamont Wilbert Hannah, at all times relevant hereto were, and still are, the parents and natural guardians of the minor plaintiffs, L.H. (Minor Son) and L.H. (Minor Daughter).

58.    By reasons of the injuries sustained by the minor plaintiffs, Plaintiffs, L.H. (Minor Son) and L.H. (Minor Daughter), Plaintiffs, Wykeya Williams and Lamont Wilbert Hannah, have been deprived of the services and affection of their children, the minor plaintiffs, L.H. (Minor Son) and L.H. (Minor Daughter) for a substantial period of time and will, in the future, continue to be deprived of such affection and services.

WHEREFORE, Plaintiffs. Wykeya Williams and Lamont Wilbert Hannah, individually and in their own right and as Parents and Natural Guardians of their minor son, L.H., and their minor daughter, L.H., demand judgment against the First Defendants, jointly and severally, in their favor for compensatory damages, for a sum greatly in excess of Fifty Thousand Dollars ($50,000.00). along with costs and damages for delay in accordance with Pa.R.C.P. 238, punitive damages, attorney's fees, interest, and other relief the Court may deem appropriate and for trial by jury on all issues so triable as a matter of right.

LAW OFFICES OF VINCENT J. CIECKA

By: /s/ Joseph J. Urban
    Joseph J. Urban, Esquire
    100 S. Broad Street, Suite 1218
    Philadelphia, PA 19110
    Jurban@ciecka.com
    (215) 271-5709
    **Attorney for Plaintiffs, Wykeya Williams**
    **and Lamont Wilbert Williams, Individually**
    **and in their own right and as Parents and**
    **Natural Guardians on behalf their children**
    **L.H. (Minor Son) and L.H. (Minor Daughter)**

Dated: October 24, 2019

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By:  Joseph J. Urban, Esquire

Signature:      /s/Joseph J. Urban

Attorney Identification No.:  57369

## VERIFICATION

I, Wykeya Williams, Parent and Natural Guardian L.H. minor son and L.H. minor daughter, hereby states that she is a plaintiff in this action and verifies that the statements made in the foregoing Civil Action Complaint are true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements are made subject to the penalties of 18 Pa C.S.A.  §4904, relating to unsworn falsification to authorities.

_____
Wykeya Williams, Parent and Natural
Guardian of L.H., minor son and
L.H. minor daughter

Dated:  10/23/2019

VERIFICATION

I, Lamont Wilbert Hannah, Parent and Natural Guardian L.H. minor son and L.H. minor

daughter, hereby states that he is the plaintiff in this action and verifies that the statements

made in for foregoing Civil Action Compliant are true and correct to the best of his knowledge,

information and belief.  The undersigned understands that the statements are made subject to

the penalties of 18 Pa C.S.A §4904, relating to unsworn falsification to authorities.

Lamont Wilbert Hannah, Parent and Natural
Guardian of L.H., minor son and
L.H. minor daughter

Dated:  10/23/2019

Case ID: 191003010

# EXHIBIT A

Case ID: 191003010



**First Student**

Caring for students today, tomorrow, together.

Our technologies have the power to improve the quality of your transportation service, create new efficiencies for your district and assist in preserving valuable education resources. By incorporating the latest innovations into our services, we seamlessly deliver integrated solutions in a single package for our district partners.

# Standard Bus Technologies

### EVIR – Enhanced Vehicle Inspection and Reporting

A handheld device records the daily pre-trip inspection and alerts dispatch and the maintenance team of any variances. Through a direct interface with our vehicle maintenance system, mechanics are notified when a repair is needed.

### Crossing Control Arms - Danger Zone™ Safety

A bright yellow arm mechanically extends in front of the bus bumper when loading or unloading students. It reminds students to move to a safe distance in front of the bus before crossing and to stay out of the Danger Zone™.

### Child Check-Mate System® – Sleeping Child Prevention

The Child Check-Mate System® requires the driver to walk through the bus and check for sleeping children. Failure to follow procedure triggers visual and audible alarms. Interior motion sensors further protect against unauthorized persons on the bus.

# Available Bus Technologies

### Digital Color Cameras

Mounted at various locations throughout the bus, cameras provide multi-angle views, up to and including the driver. Digital recordings are secure and can be shared with administrators to report incidents and support disciplinary action.

### Wi-Fi

Providing access to wireless Internet (Wi-Fi) on the bus allows your students to continue learning after the school day has ended by giving every student access to online educational resources and classes.

Case ID: 191003010



Case ID: 191005010

# EXHIBIT B

# COURT HOUSE LEGAL SERVICES, INC.

**Priority: STANDARD**

**Field Sheet #2019009479**

Received: 10/28/2019 at 2:23 pm
Court Date:          Filed:

## SERVE:

**Work:** **FIRSTGROUP AMERICA, INC., 2201 EAST ALLEGHENY AVE., PHILADELPHIA, PA 19134**

**SPECIAL INSTRUCTIONS:**

| Attempts | | | Server: **Steve Weisman** |
|---|---|---|---|
| | Date | Time | Comments |
| 1. | / | | |
| 2. | / | | |
| 3. | / | | |
| 4. | / | | |
| 5. | / | | |
| 6. | / | | |
| 7. | / | | |
| 8. | / | | |

**Actual Service Info**

_____  _____  Type:_____   Married?_____

                                          Military?_____

Served on:_____ As:_____   Miles_____

Address:_____   Hours_____

Comments:_____   Additional Addr: 1 2 3

_____   Courier_____

_____   Out of Pocket Costs

_____

_____

_____

Age____  Sex  M  F  Race_____  Height_____  Weight_____  Hair_____  Glasses  Y  N

Case Number: OCTOBER 2019 3010   Philadelphia   Common Pleas
Plaintiff                                    Defendant
WYKEYA WILLIAMS et al                        FIRST STUDENT, INC et al

Type of Writ: **COMPLAINT**

Client:
Firm:    CIECKA, VINCENT J., PC
Contact: DEBBIE
Phone:   (856) 665-5709    Fax: (856) 665-4107
Client Reference Number: WILLIAMS/FIRST STUDENT

I acknowledge receipt of the documents listed above and confirm
that the within-named party is / is not in active military service.

_David Brooke_
Signature of Recipient

David Brooke          Location Safety Manager
Print Name            Title/Relation    10/29/19
                                        1845 HRS

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **WYKEYA WILLIAMS** and **LAMONT WILBERT HANNAH,** individually and in their own right, and as Parents and Natural Guardians on behalf of **L.H.** (a Minor Son) and **L.H.** (a Minor Daughter) 1016 Cantrell Street Philadelphia, PA 19148, | x : : : : : **Civil Action No.:** : : : |
| Plaintiffs | : : |
| v. | : : |
| **FIRST STUDENT, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : : |
| and | : |
| **FIRSTGROUP AMERICA, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : |
| and | : : |
| **FIRST TRANSIT, INC.** 8220 Bartram Avenue Philadelphia, PA 19153, | : : : : : |
| Defendants | : x |

## CERTIFICATE OF SERVICE

I, Diane J. Ruccia, certify that on this 15th day of November 2019, a copy of defendants First Student, Inc., FirstGroup America, Inc., and First Transit, Inc.'s Notice of Removal with supporting documents was served via first class mail, postage prepaid, upon the following:

Joseph J. Urban, Esq.
LAW OFFICES OF VINCENT J. CIECKA, P.C.
100 S. Broad Street, Suite 1218
Philadelphia, PA 19110

BY: _____
Diane J. Ruccia, Esq.
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants First Student, Inc.,
FirstGroup America, Inc., and First Transit, Inc.

Dated:  November 15, 2019

4828-1527-5180v.1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Williams, Wykeya and Hannah, Lamont W., individually and in their own right, and as parents and natural guardians on behalf of L.H. (minor son) and L.H. (minor daughter)

**DEFENDANTS**
First Student, Inc., FirstGroup America, Inc., and First Transit, Inc.

**(b)** County of Residence of First Listed Plaintiff Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Vincent J. Ciecka, P.C. (Joseph J. Urban, Esq.)
100 S. Broad Street, Suite 1218, Philadelphia, PA 19110
(215) 271-5709

Attorneys *(If Known)*
Landman Corsi Ballaine & Ford P.C. (Diane J. Ruccia, Esq.)
One Gateway Center, 4th Floor, Newark, NJ 07102
(973) 623-2700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine    Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441 and 1332
Brief description of cause:
Plaintiffs allege injuries as a result of a motor vehicle incident on October 26, 2017 in Camden, NJ.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE    DOCKET NUMBER

NOV 15 2019

DATE
11/15/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    5401

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Wykeya Williams & Lamont Wilbert Hannah, 1016 Cantrell Street, Philadelphia, PA 19148 _____

Address of Defendant: First Student, Inc., FirstGroup America, Inc., & First Transit, Inc., 600 Vine Street, Suite 1400, Cincinnati, OH 45202

Place of Accident, Incident or Transaction: _____ Alabama Road in Camden, NJ _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2019 _____ _____ 022001994

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

NOV 15 2019

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | x | |
| **WYKEYA WILLIAMS** and **LAMONT WILBERT HANNAH,** individually and in their own right, and as Parents and Natural Guardians on behalf of **L.H.** (a Minor Son) and **L.H.** (a Minor Daughter) 1016 Cantrell Street Philadelphia, PA 19148, Plaintiffs | : : : : : : : : : | **Civil Action No.:** |
| v. | : : | **19    5401** |
| **FIRST STUDENT, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : | |
| and | : : | |
| **FIRSTGROUP AMERICA, INC.** 2201 East Allegheny Avenue, Philadelphia, PA 19134 | : : : : | |
| and | : : | |
| **FIRST TRANSIT, INC.** 8220 Bartram Avenue Philadelphia, PA 19153, | : : : : | |
| Defendants | : x | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                      ( )

4826-4363-5372v.1

NOV 15 2019

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2   ( )

(d)   Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                         ( )

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.         (x)

| November 15, 2019 | Diane J. Ruccia | First Student, Inc. FirstGroup America, Inc., and First Transit, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (973) 623-2700 | (973) 623-4496 | druccia@lcbf.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ.660) 10/02**

4826-4363-5372v.1

NOV 15 2019